for the jury whether or not the plank road was reasonably safe for vehicle traffic, we are of the opinion that the foregoing instructions should have been given.

As the case must necessarily be retried, we refrain from passing upon the other points raised.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

---

**William Krug & Sons Company, Appellee, v. MacLean Construction Company, Appellant.**

**Gen. No. 22,806.   (Not to be reported in full.)**

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed October 9, 1917.

### Statement of the Case.

Action by William Krug & Sons Company, a corporation, plaintiff, against the MacLean Construction Company, a corporation, defendant, to recover damages arising out of the breach of an alleged contract between the parties, by the terms of which plaintiff as subcontractor was to do excavation work for defendant as general contractor in connection with the construction of a building. From a judgment for plaintiff for $1,000, defendant appeals.

HENRY M. HAGAN and KNAPP & CAMPBELL, for appellant; JOHN R. COCHRAN, of counsel.

NEWMAN, POPPENHUSEN & STERN, for appellee; LAWRENCE A. COHEN, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when judgment for plaintiff in action by subcontractor against general contractor for breach of contract not sustained by evidence.* In an action by a subcontractor against a general contractor to recover for damages arising out of the breach of an alleged contract between parties, by the terms of which plaintiff was to do excavation work in connection with the construction of a certain building, where it appeared that a witness for plaintiff was permitted, over objection of defendant, to estimate the number of cubic yards of excavation required under the contract from a plan that contained no dimensions upon which to base such estimate, and that the witness did not take into consideration the expense to plaintiff of shoring and backfilling, both of which items the contract required of plaintiff, *held* that a judgment for plaintiff was unsupported by the evidence.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 104*—*when question for jury whether contract exists between contractor and subcontractor.* In an action by a subcontractor against a contractor to recover damages arising out of the breach of an alleged contract between the parties for excavation work in connection with the construction of a building, *held* that it was a question for the jury whether a contract existed between the parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.